IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01486-BNB

TOMMY LEE HALFARCE,

    Plaintiff,

v.

LORRE LUTHER, Denver Public Defender # 11-03308,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Tommy Lee Halfarce, has filed a Prisoner Complaint purporting to bring a legal malpractice action pursuant to 42 U.S.C. § 1983 against the public defender who represented him in a state criminal action.

Mr. Halfarce has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Halfarce's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Halfarce relies on 42 U.S.C. § 1983 as the jurisdictional basis for his claims.  However, the only claim he asserts in the Complaint is one for legal malpractice against his former public defender.  Plaintiff alleges that in 2008 he attempted to remove the Defendant, Luther, as advisory counsel in his criminal case--where he was charged with assault with a deadly weapon--because Defendant harassed and attempted to intimidate him into admitting that he drugged the victim.  Plaintiff further alleges that Defendant continued to request competency evaluations for him even though the evidence indicated that he was competent, and that Defendant rejected his exculpatory witnesses and persuaded him to plead guilty in exchange for probation.  Mr. Halfarce seeks monetary relief.

Mr. Halfarce's claims against his former court-appointed defense attorney are not actionable under § 1983.  Section 1983 provides a cause of action against a person who deprives another of a constitutional or federal statutory right while acting under color of state law.  **See Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 151 (1970).  A public defender representing an indigent defendant in a state criminal proceeding does not act under color of state law.  **See Polk County v. Dodson**, 454 U.S. 312, 325 (1981); **see also Harris v. Champion**, 51 F.3d 901, 909-10 (10th Cir. 1995).  Although a public defender may be paid with state funds, she acts independently of the state's

authority and, instead, exercises her independent judgment in representing a criminal defendant. *See Dodson*, 454 U.S. at 317-19. Mr. Halfarce, therefore, cannot recover under § 1983 against Defendant, Luther, who represented him in a state criminal proceeding. Accordingly, the § 1983 claim will be dismissed as legally frivolous.

Mr. Halfarce also purports to allege a legal malpractice claim against Defendant under Colorado law. However, Plaintiff cannot maintain a state law cause of action in the federal district court if both he and the Defendant are citizens of Colorado. *See* 28 U.S.C. § 1332(a)(1) (providing that federal district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States). To invoke federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

If Mr. Halfarce's intent was to file a legal malpractice claim against Defendant under state law, "he should have, in the absence of diversity jurisdiction, filed that claim in an action in state court and, if necessary, sought a stay of that action." *Wallin v. Arapahoe County Detention Facility*, Nos. 06-1373, 06-1376, 06-1416, 244 F. App'x. 214, 219 (10th Cir. July 27, 2007) (unpublished) (citing *Morrison v. Goff*, 91 P.3d 1050, 1058 (Colo. 2004) (holding that a criminal defendant must file a malpractice action within two years of discovering an attorney's negligence and may obtain a stay of that action pending resolution of the criminal case if necessary to avoid dismissal or

jeopardizing defendant's rights).  Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED as follows:

(1) The § 1983 claim is dismissed with prejudice as legally frivolous; and

(2) The state law legal malpractice claim is dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this  11th  day of     July          , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court